UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------X
                                    :
EQUAL EMPLOYMENT OPPORTUNITY        :   CIVIL ACTION NO.
COMMISSION,                         :   06-CV-40190-FDS
                                    :
            Plaintiff,              :
                                    :
     v.                             :
                                    :
                                    :   COMPLAINT AND
Preferred Labor LLC,                :   JURY TRIAL DEMAND
d/b/a Preferred People Staffing     :
                                    :
            Defendant.              :
                                    :
------------------------------------X

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Catherine Darensbourg and a class of similarly situated female job applicants who applied for temporary employment with Defendant Preferred Labor LLC d/b/a Preferred People Staffing (hereinafter "Defendant"), who are and were affected by such practices. As alleged with greater particularity below, Defendant, subjected Catherine Darensbourg and female job applicants who applied for temporary employment with Defendant to repeated sex-based discrimination by failing to refer individuals for temporary employment based on their sex

1

and by complying with discriminatory requests for temporary employees based on sex made by one or more of its clients, and subjected Catherine Darensbourg to unlawful retaliation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court of Massachusetts, Worcester Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been doing business in the State of Massachusetts and the city of

Worcester, Massachusetts and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant has procured employees for employers and has been an employment agency within the meaning of section 701(c) of Title VII, 42 U.S.C.§ 2000e(c).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Catherine Darensbourg filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least May of 2005 and continuing, Defendant has engaged in unlawful employment practices at its facilities in Worcester, Massachusetts, in violation of Section 703(a)(1),(2) and 703 (b) of Title VII, 42 U.S.C. § 2000e-2(a)(1),(2) and (b). These practices include, but are not limited to, the following:

(a) Defendant discriminated against female job applicants because of their sex.

3

(b) Defendant furnished temporary employees in job fields such as construction, light industrial, warehouse stocking, distribution, freight handlings, hospitality, catering, and light janitorial and unlawfully classified jobs on the basis of sex as men's jobs or women's jobs and refused to refer female job applicants for temporary employment in jobs classified by Defendants as men's jobs.

(c) Defendant complied with discriminatory requests for temporary employees based on sex made by one or more of its clients.

(d) Defendant discriminated against Catherine Darensbourg and a class of similarly situated female job applicants who applied for temporary employment with Defendant by failing to refer them for temporary employment because of their sex, female.

(e) Defendant retaliated against Catherine Darensbourg after she engaged in protected activity and complained about Defendant's discriminatory conduct by refusing to consider her for job opportunities.

9. The effect of the practices complained of above is and has been to deprive Catherine Darensbourg and a class of similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees on the basis of sex, inflict emotional pain and

suffering and humiliation and embarrassment upon them, and cause them to suffer financial losses and otherwise adversely affect them.

10. The unlawful employment practices complained of above are and were intentional.

11. The unlawful employment practices complained of above are and were done with malice or with reckless indifference to the federally protected rights of Catherine Darensbourg and a class of similarly situated female job applicants who applied for temporary employment with Defendant.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with Defendant, from engaging in any employment practice which discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for women and which eradicate the effects of Defendant's past and present unlawful employment practices.

C. Order Defendant to make whole Catherine Darensbourg and the class of similarly situated female job applicants who applied for temporary employment with Defendant and were unlawfully denied employment opportunities based on sex by

providing appropriate backpay with prejudgement interest, in amounts to be determined at trial, and by providing other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instating, reinstating, or otherwise making whole Catherine Darensbourg and the class of similarly situated female job applicants who applied for temporary employment with Defendant and were unlawfully denied employment opportunities based on sex.

   D.   Order Defendant to make whole Catherine Darensbourg and the class of similarly situated female job applicants who applied for temporary employment with Defendant and were unlawfully denied employment opportunities based on sex by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses that may have been incurred, in amounts that will be determined at trial.

   E.   Order Defendant to compensate Catherine Darensbourg and the class of similarly situated female job applicants who applied for temporary employment with Defendant and were unlawfully denied employment opportunities based on sex for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering and inconvenience, loss of

enjoyment of life, humiliation and embarrassment, in amounts to be determined at trial.

F.   Order Defendant to pay Catherine Darensbourg and the class of similarly situated female job applicants who applied for temporary employment with Defendant and were unlawfully denied employment opportunities based on sex punitive damages for its conduct described above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


August 31, 2006

                                        Respectfully submitted,

                                        Ronald S. Cooper
                                        General Counsel

                                        James L. Lee
                                        Deputy General Counsel

                                        Gwendolyn Young Reams
                                        Associate General Counsel
                                        EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION

1801 L Street, N.W.
Washington, D.C. 20507


Elizabeth Grossman
Regional Attorney

Judy Keenan
Acting Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor,
New York, New York 10004-2112
Tel.(212)336-3705
Fax.(212)336-3623
elizabeth.grossman@eeoc.gov
judy.keenan@eeoc.gov

_____
Arnold J. Lizana III
Bar No. MA 646161
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Boston Area Office
John F. Kennedy Federal Building,
Room 475
Boston, MA 02203-0506
Tel.(617) 565-3210
Fax.(617) 565-3196
arnold.lizana@eeoc.gov